IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JULIAN E. ROCHESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:19CV792 |
| ) | |
| WILLIAM BARR, et al., ) | |
| ) | |
| Defendant(s). ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of South Carolina, submitted a civil action under 42 U.S.C. § 1983 alleging, at least in part, that Defendants violated his federal constitutional or statutory rights. This is one of a number of similar actions filed by Plaintiff in this Court over the years. However, the form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Moreover, Plaintiff may not proceed *in forma pauperis* unless he is under imminent danger of serious physical injury. The Prison Litigation Reform Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff is a frequent *pro se* litigator in federal courts in the District of South Carolina and other districts, and he has had at least three previous suits dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. See Rochester v. Wright Med Tech Implant Co., No. 1:16-cv-243-TWT (N.D. Ga. Apr. 26, 2016) (unpublished) (collecting cases dismissed as frivolous, and noting the entry of pre-filing injunctions in several courts). Therefore, unless Plaintiff can establish imminent danger of serious physical injury, Plaintiff must pay the $400.00 filing fee. The facts in the present Complaint do not support any such allegation of imminent danger of serious physical injury. Therefore, Plaintiff must pay the $400.00 filing fee if he wishes to file in this Court.

2. Plaintiff does not appear to state a viable claim for relief. Indeed, the Complaint is nearly incomprehensible, and Plaintiff's allegations of wide-ranging conspiracies are facially frivolous.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To the extent Plaintiff chooses to file a new Complaint, the Court also notes that none of the listed Defendants or events set out in the Complaint appear to be associated with the Middle District of North Carolina. Therefore, it appears that venue would be proper in another district where the Defendants are located or the events occurred.[1] Plaintiff should seek the correct forms from a proper district and file his action there.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

---

[1] If Plaintiff chooses to re-file his complaint here in this District, he should correct all of the matters noted above and should also include a statement addressing the proper venue in this case.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, and in a proper district.

This, the 7th day of February, 2020.

                                                /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge